IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MOHAMMAD M. TAHIR, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No. 4:18-CV-00354-CLM |
| } | |
| **MARK A. PACHECO, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mohammad M. Tahir, Fnu Mehrose, Mugaddas Ejaz, and Anaya Chaundhry, *a minor, by and through her mother and next friend, Mugaddas Ejaz*, (collectively, the "Plaintiffs") filed a Complaint against Mark A. Pacheco ("Pacheco") and Norfolk Southern Corporation ("Norfolk Southern") in state court. Doc. 1-1. Defendants Norfolk Southern then removed that case to this federal court. Doc. 1. Intervenor Defendant GEICO Indemnity Company intervened in this case on March 5, 2019. *See* Docs. 3, 13. This matter is currently before the court on Defendant Norfolk Southern Corporation's ("Norfolk Southern") Renewed Motion for Summary Judgment. Doc. 41. In Norfolk Southern's motion for summary judgment, it asked the court to dismiss the three counts brought against it: Count I (*Respondeat Superior*), Count II (Negligent/Wanton Hiring, Training, Supervision, and/or Retention), and Count IV (Negligent/Wanton Entrustment).

On March 27, 2020, the court held a hearing on the motion for summary judgment.

Fed. R. Civ. Pro. 56(a) provides that summary judgment is appropriate where "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." A genuine dispute as to a material fact can be found only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party can demonstrate that a fact is not under genuine dispute by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. Pro. 56(c)(1)(A)-(B). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)).

As stated on the record at the hearing, the Court **GRANTS** Defendant Norfolk Southern's motion for summary judgment as to Counts II, III, and IV. The dismissed claims are discussed in more detail below. Further, the Court incorporates the rationale stated from the bench during the hearing on this motion.

I. **Count II:** *Respondeat Superior*

As stated on the record, the Court finds that Count II is due to be dismissed

because Defendant Pacheco was not acting within the scope of his employment when his vehicle collided with Plaintiffs' vehicle. The Court also finds that Pacheco was not engaged in activity that conferred a benefit on Norfolk Southern and even if Pacheco was acting within the scope of his employment, he abandoned any business purposes when he pursued activities for personal purposes. Accordingly, Count II is due to be dismissed.

**II.   Counts III and IV: Negligent/Wanton Hiring Training, Supervising, and Retention and Negligent/Wanton Entrustment**

As stated on the record, the Court finds both Count III and IV are due to be dismissed. First, by failing to respond to Norfolk Southern's arguments in their response in opposition to summary judgment (doc. 44), Plaintiffs abandoned these claims. Second, even if they had not abandoned the claims, the Court finds that the Plaintiffs have presented no evidence to show that Pacheco was incompetent or that Norfolk Southern knew or should have known of any incompetence on Pacheco's part. Accordingly, Counts III and IV are due to be dismissed.

## CONCLUSION

For the reasons explained above and stated on the record at the hearing on this matter, Norfolk Southern's Motion for Summary Judgment (doc. 41) is **GRANTED** and Counts II, III, and IV are **DISMISSED with prejudice.** Further, Norfolk Southern is **DISMISSED** as a party to the action, as there are no remaining claims

against it. The Clerk is **DIRECTED** to terminated Norfolk Southern Corporation as a party to this action.

    **DONE** and **ORDERED** this 27th day of March, 2020.

                                                _____
                                                **COREY L. MAZE**
                                                UNITED STATES DISTRICT JUDGE